IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES, ) | |
|    Plaintiff, ) | |
| Vs. ) | No. 19 CR 00321 |
| ) | |
| Adan Casarrubias Salgado ) | Judge Mathew F. Kennelly |
| ) | |
| ) | |
|    Defendant. ) | |

DEFEDNANT'S MOTION IN *LIMINE* TO BAR GOVERNEMENT WITNESSES FROM IDENTIFYING ADAN CASARRUBIAS SALGADO AS THE PERSON SENDING TEXT MESSAGES TO THE GOVERNEMENT COOPERATING WITNESS.

INTRODUCTION:

  The case before the court is one of identification. Heroin was seized in the United States. Evidence will be presented, and witnesses will be called to testify that the heroin was being sent here by a supplier in Mexico. Most of the facts are not in dispute. The only fact in dispute, and hence the only question for the jury, is the identification of the supplier in Mexico. It is alleged that Adan Cassarubias Salgado was the supplier. Whether the government can prove this beyond a reasonable doubt is not only central to this case, it is the case.

BACKGROUND:

  Multiple heroin suppliers communicated with the cooperating witness through a BlackBerry Text Message Service. A Blackberry is a small, hand-held device used in this case to send and receive text messages. There are no voice messages, voice recordings, or voice communication in the present case—only text messages.

1

Text messages have been provided to the defense as part of the Government's discovery obligation. These text messages are, for the purpose of this motion, mostly between the cooperating government witness in the Chicago area and the person or persons in Mexico (or perhaps somewhere else) that the cooperating government witness alleges is supplying heroin to him. Although the PIN on any given Blackberry device remains the same, the screen name can change at any time. More significant is the fact that the Blackberry device is hand-held, giving it a mobility that makes the identification of the user at best speculative. In other words, a Blackberry devise can be used by any one person or any multitude of people in any given day—or in any given hour for that matter. There is no way for a receiver of text messages on a BlackBerry devise to know who is sending the text messages. Similarly, any person who is intercepting these messages will invariably find himself in the exact same position as the receiver of the message for the same reasons as stated above. [1] In other words, the interceptor does not know who is sending the message.

According to the discovery tendered by the government, multiple individuals supplied the cooperating government witnesses with heroin. Furthermore, multiple other individuals were involved in the movement of heroin into the Chicago area as well as the extraction of illegally obtained United States Currency from the Chicago area. Most communication, if not all, was done by way of Blackberry text messaging.

---

[1] The interceptor is limited to the following information: 1. The message content. 2. The sender's PIN. 3 The screenname of the sender. 4. The screenname of the receiver. 5. The date and time of the message. See Government Motion DKT. #60.

1. **WITNESS MUST HAVE PERSONAL KNOWLEDGE FRE 602**

All witnesses that the government seeks to use to identify the defendant as the supplier of heroin can only testify to that identification to the extent they can do so based on their actual personal knowledge.

> A witness may testify to the matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703. FRE 602

In the present case the communication was done through text messages and so the witnesses should be limited to that which they had personal knowledge of, *i.e.* in the case of the cooperating witness, the screen name of the Blackberry device, and in the case of agents who intercepted the messages, the screen name and the PIN of the Blackberry device. Any other information would be conjecture, assumption, or speculation, and would therefore violate FRE 602.

The Government's motion in *limine* regarding identifying information on trial exhibits suggests that these communications are the same as voice-based phone conversations. They are not. The Government has said, in its Santiago Motion and in its Motion in *limine*, that their witnesses will identify the defendant as the "speaker," in these communications. For example, the government has put forth that, "Individual A will identify this device and screenname as used by defendant." (Footnote 15, Santiago Proffer). Critically, the Government does not explain *how* Individual A will be able to make that identification.

The government and its witnesses should be barred from presenting the witnesses' beliefs or assumptions as if they were knowledge.

## 2. THE IDENTIFICATION OF THE SENDER OF THE TEXT MESSENGES IS A QUESTION OF FACT FOR THE JURY TO DECIDE

The identity of the sender of certain text messages is at issue in this case, and that identity is a factual determination for the jury to make. The court must not allow the government to invade the province of the jury by making arguments or eliciting answers from witnesses that are not based on the witnesses' personal knowledge.

Given the nature of these text messages, and given the attributes of the Blackberry devise itself, for any witness to name the defendant as the sender of the text messages would not be based on personal knowledge. Instead, it would be based on the conjecture, speculation, or assumptions of the witnesses. The only identity the witness could make based on personal knowledge is the "screen name" or perhaps the PIN of any given Blackberry device. Therefore, the court should bar the government from eliciting any identity other than screen name or PIN regarding the sender of any text message received.

The court must not allow the government to invade the province of the jury by making arguments or eliciting answers from witnesses that are not based on the witnesses' personal knowledge. To do so would violate the 5th and 6th amendments to the United States Constitution. See *United States vs Mentz* (6th cir.) *840 F.2d 315 *; 1988 U.S. App. LEXIS 2130 ***

WHEREFORE:

The Court should grant this *motion in limine*.

Respectfully submitted,
/S/ John C. Benson
Attorney for Adan Casarrubias Salgado.
4111 South Richmond
Chicago, IL 60632
(312) 399-5419

4